Patricia D. Peterman
PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC
2817 2nd Avenue North, Suite 300
Billings MT 59101
Phone: 406-252-8500
Fax: 406-294-9500
ATTORNEY FOR PLAINTIFF

CV-11-38-BLG-RFC

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| BRANDON ROBERTS, | Cause No. DV-11-0575 |
| Plaintiff, | Judge: RUSSELL C. FAGG |
| -vs- | **COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION AND DEMAND FOR JURY TRIAL** |
| NORTHWEST Ortho Plus, INC. | |
| Defendant. | 120/48455 |

For his Complaint against Defendant NWOPI, ("NWOPI") Plaintiff Brandon Roberts ("Roberts") states and alleges:

1. Plaintiff Roberts seeks a declaratory judgment pursuant to the Montana Uniform Declaratory Judgments Act, §§27-8-101 et seq., MCA, declaring void and unenforceable under Montana law provisions of a Sales Representative Agreement prepared by Defendant NWOPI, an entity which is not Plaintiff's current employer. Defendant NWOPI purports to: (1) prohibit Plaintiff Roberts from engaging in his occupation; (2) dictate that Washington law will govern Plaintiff's employment in Montana; and (3) dictate that legal proceedings arising from Plaintiff's employment in Montana will be venued in Washington.

### GENERAL ALLEGATIONS

2. Roberts resides in Billings, Yellowstone County, Montana.

3. Defendant NWOPI is a Washington corporation with its home office in Spokane, Washington.

4.	On June 25, 2009, NWOPI required Roberts to sign a Sales Representative Agreement ("Agreement") with several provisions, including a Non-Compete, a copy of which was to be attached as Exhibit A to the Agreement. The Sales Representative Agreement is attached hereto as Exhibit 1 and incorporated herein. There was no Exhibit A to the Agreement, nor did Roberts sign an Exhibit A to the Agreement to the best of his knowledge. NWOPI gave no additional consideration for the Non-Compete provision except that Roberts became employed by NWOPI. The Agreement states, in relevant part as follows:

> ¶ 16. Non-Compete. Sales Representative has executed a Sales Representatives and Sales Staff Non-Compete and Non-Solicitation Agreement which is made a part hereof and incorporated herein by reference as Exhibit A. Accordingly, and in addition to the terms set forth in Exhibit A, Sales Representative agrees that, during the term of this Agreement, he/she shall serve the customers of S&N and/or NWOPI in a representative capacity only, and shall not act on behalf of any competitor of S&N and/or NWOPI engaged in the manufacture, distribution or sale of NWOPIpaedic medical devices, and that on termination, expiration, or non-renewal of this Agreement for any cause or reason whatsoever, or without cause, Sales Representative shall not, for a period of twelve (12) months thereafter:
>
> a.	Call upon, solicit, initiate or make any efforts to divert in any way customers served by a Sales Representative on behalf of S&N and/or NWOPI in the Restricted Area (as defined herein); or
> b.	Provide services to, be employed by, contract with, or associate with any other person or company for purposes of the sale or solicitation of sales in the Restricted area of NWOPIpaedic medical devices of the type described in Appendix 1; or
> c.	Induce or influence, or attempt to induce or influence, any person or company engaged as an employee, agent or independent contractor of S&N and/or NWOPI to terminate his/her/its relationship with S&N and/or NWOPI (including any division of S&N).
>
> Sales Representative agrees that the limitations imposed in this paragraph 16 are reasonable and no broader than necessary to protect the legitimate business interests of S&N and/or NWOPI and to preserve the integrity of proprietary and other confidential information disclosed to Sales Representative pursuant to this Agreement. For purposes of this Agreement, the "Restricted Area" shall include all counties in which Sales Representative called on, solicited and/or serviced customers, former customers and/or prospective customers at any time during the twelve (12) months immediately preceding the termination, expiration or non-renewal of this Agreement, including but not limited to all counties in which the customers listed in Appendix 2 are located.

See Agreement attached hereto as Exhibit 1.

5.	In February 2011, Brandon Roberts contract with NWOPI ended.

6.	On March 4, 2011, NWOPI sent a letter to Brandon Roberts terminating the Sales

2

Representative Agreement.

7. The letter from NWOPI to Roberts has raised questions concerning the construction, interpretation, and validity of the Agreement.

8. NWOPI failed to pay Roberts commissions owed.

## COUNT 1

## CLAIM FOR DECLARATORY RELIEF

9. The Agreement is unenforceable and void for the following reasons:

   1. It is not supported by independent consideration.
   2. The Non-Competition provision is an unreasonable restraint on trade and is void pursuant to § 28-2-703, MCA.
   3. The Non-Competition provision violates state and federal anti-trust laws.
   4. The Agreement is a contract of adhesion that is unconscionable and unenforceable.
   5. The choice of law and venue provisions are void as against Montana public policy.

10. Plaintiff Roberts is entitled to a judgment declaring the Agreement void and unenforceable, and to recover his costs and attorney fees pursuant to the terms of the Declaratory Judgments Act and the Agreement.

## COUNT 2

## PRELIMINARY INJUNCTION

11. Defendant NWOPI's intended actions will cause irreparable injury to Plaintiff because Defendant will interfere with Plaintiff's right to pursue his career.

12. Because Montana law provides that non-compete clauses are void as against public policy, there is a high probability of Plaintiff's ultimate success on the merits.

13. Plaintiff is therefore entitled to a preliminary injunction enjoining and prohibiting

3

Defendant from preventing Plaintiff from pursuing his career.

## COUNT 3

### CLAIM FOR SUPPLEMENTAL RELIEF

14. Plaintiff is entitled to recover damages, which may be trebled, for injuries caused by Defendant's conduct in violation of state or federal anti-trust laws.

## COUNT 4

### VIOLATION OF THE FAIR LABOR STANDARDS ACT AND WAGE AND HOUR

15. At all relevant times, Defendant was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and is subject to the provisions of such Act.

16. Roberts was at all relevant times an employee of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

17. During the period of time that Roberts was employed by Defendant, he earned commissions some of which have not been paid to Plaintiff in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

18. Pursuant to 29 U.S.C. §§ 201, et seq. Defendant owes Plaintiff his earned commissions plus an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

19. At all relevant times, Roberts was an employer within the meaning of the Montana Wage and Hour Act as defined in Mont. Code Ann. § 39-3-201(5).

20. Roberts was, at all relevant times, an employee of Defendant, as defined in the Montana Wage and Hour Act. Mont. Code Ann. § 39-3-201(4).

21. During the period of time that Roberts was employed by Defendant, he performed work for which he was not compensated and earned commission that were not paid in violation of the provisions of the Montana Wage and Hour Act.

22. Defendant's failure to pay Roberts all commissions due violates provisions of the

Montana Wage and Hour Act.

23. Pursuant to Mont. Code Ann. § 39-3-206 and § 39-3-204, Defendant owes Roberts for his earned commissions plus an additional amount not to exceed 110% for penalty damages, together with an additional sum for attorneys' fees and costs.

### PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant:

1. Declaring the Agreement unenforceable against Plaintiff;
2. Declaring the venue and choice of law provisions void and unenforceable;
3. Declaring the Non-Competition provision at ¶16 of the Agreement void and unenforceable under Montana law;
4. Awarding damages, and trebling them, for Defendant's violations of anti-trust laws;
5. Awarding attorney fees and costs; and
6. Granting further just relief.

Plaintiff additional prays for relief from the Fair Labor Standards Act and Wage and Hour against Defendant:

7. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;
8. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provision of the Fair Labor Standards Act and Montana Wage and Hour Act;
9. That Defendant be enjoined from further violations of the Fair Labor Standards Act and Montana Wage and Hour Act;
10. That the named Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) or in the alternative recover compensatory damages and an additional amount not to exceed 110% for penalty damages as provided under Mont. Code Ann. § 39-3-206 ;

5

11. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses;

12. Order the Defendant to make whole the Plaintiff by providing appropriate earned and unpaid commissions and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 12th day of April, 2011.

PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC

By _____
Patricia D. Peterman
Attorney for Plaintiff

### VERIFICATION

STATE OF MONTANA        )
                        :ss.
COUNTY OF YELLOWSTONE   )

Brandon Roberts, being first duly sworn upon his oath, deposes and says:

That he has read the foregoing Petition for Temporary Restraining Order, and that the facts and matter contained therein are true, accurate and complete to the best of his knowledge and belief.

Brandon Roberts

SUBSCRIBED AND SWORN to before me, a Notary Public for the State of Montana, this 12th day of April, 2011.

Printed Name: Tiffany Bell
Notary Public for the State of Montana.
(Notarial Seal)
Residing at Billings Montana.
My Commission Expires: April 22, 2012

6